Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

SOUTHERN District of FLORIDA

MIAMI
SOUTHERN Division

GEORGE MILLER
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

CENTURIN, Medical Provider, et al.,
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 1-21-CV-20422-MARTINEZ
*(to be filled in by the Clerk's Office)*

FILED BY _____ D.C.
APR 30 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Amended
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: George M. Miller
   All other names by which you have been known: George M Brown
   ID Number: R24031
   Current Institution: Martin Correctional Inst.
   Address: 1150 S.W. Allapattah Road
   Indiantown  FL  34956
   City  State  Zip Code

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Centurion of Florida, LLC
   Job or Title *(if known)*: Medical Provider
   Shield Number:
   Employer: ~~1200 South Pine Island Road~~
   Address: 1200 South Pine Island Road
   Plantation  FL  33324
   City  State  Zip Code
   [ ] Individual capacity  [✓] Official capacity

   Defendant No. 2
   Name: Inemesit Nyong Abia
   Job or Title *(if known)*: Medical Director - South Florida Reception Center
   Shield Number:
   Employer: Centurion
   Address: South Florida Reception Center 14000 N.W. 41st Street
   Doral  FL.  33178
   City  State  Zip Code
   [✓] Individual capacity  [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: Sharlene Canal-Lara
Job or Title (if known): Nurse
Shield Number:
Employer: CENTURION
Address: South Florida Reception Center 14000 N.W. 41st Street
Doral, FL 33178
City    State    Zip Code
☒ Individual capacity    ☐ Official capacity

Defendant No. 4
Name: Ray Rodriquez
Job or Title (if known): Nurse
Shield Number:
Employer: CENTURION
Address: South Florida Reception Center 14000 N.W. 41st Street
Doral, FL 33178
City    State    Zip Code
☒ Individual capacity    ☐ Official capacity

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth Amendment right to the United States Constitution

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. THE DEFENDANTS ARE EMPLOYED BY A PRIVATE CORPORATION "CENTURIONS" TO PROVIDE MEDICAL SERVICES TO PRISONERS, UNDER CONTRACT WITH THE FLORIDA D.O.C. THEIR ACTIONS AND INACTIONS WERE EXERCISED UNDER THE AUTHORITY THAT STEMS FROM THEIR EMPLOYMENT BY CENTURION. A PRIVATE CORPORATION WHICH CONTRACTED WITH FLORIDA D.O.C. TO PROVIDE MEDICAL SERVICES.

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

"NOT Applicable"

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

FLORIDA D.O.C. South Florida RECEPTION CENTER MEDICAL INFIRMARY MAY 4, 2020 - MAY 31, 2020

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

May 4, 2020 to May 31, 2020  "See dated details in Attached Sworn Complaint"

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached Page 5A    Also See detailed Sworn Complaint

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Due to the Deliberate indifference of Defendants. Plaintiff not only suffered serious Physical injury as well as mental and emotional anguish, Respiratory distress and days of extreme pain. Ultimately Resulting in Emergency Life Saving Surgery.

See Attached Page 5B    Also See detailed Sworn Complaint.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

In addition to Injunction Relief against Centurian and Defendant ABIA. Plaintiff seeks Compensatory and Punitive damages

See Attached Page 5C    Also See detailed Sworn Complaint

STATEMENT OF CLAIM, SECTION D          PAGE 5 A
   What are the Facts Underlying Your Claim?

(Summary)

   For 18 days, as a result of the direct order of Defendant Abia, Plaintiff was ordered to be locked in a Medical Isolation Cell, after being diagnosed with pneumonia. For 15 of the 18 days, Plaintiff was under severe respiratory distress, had severe chest pains, multiple Asthma attacks, and was denied an Asthma rescue inhaler, breathing treatments, pain medication, and had a collapsed lung. (Pneumothorax).
   Not only did Defendant Abia, know of the underlying facts indicating a sufficient danger to Plaintiffs health and possible lose of life due to his inability to breathe, But this Doctor (1) Witnessed on multiple occassions plaintiff gasping for air to breathe, Witnessed plaintiff with his arms elevated in an attempt to get air into his lungs. However, this Doctor, Defendant refused to peform an examination of Plaintiff, by listening to his lungs, and instead made comments such as "STOP Putting on an act", In addition to the Above Defendant Abia, knew Plaintiff was an Asthmatic and was suffering with his Asthma, but she still refused to provide Plaintiff with an Asthma rescue inhaler. (2) Defendant DR. Abia, was informed by other medical Personnel of Plaintiffs deteriorating condition, however She chose to treat the risk to which the facts give rise as insubstantial and nonexistent, and instead made direct comments to Plaintiff to "STOP bothering Everybody", "STOP Putting on an act", "I don't have time for these games."
   On May 21, 2020, Plaintiff was visibly weak and in extreme pain, he had Slurred Speech, and was gasping for air, in addition to being unable to move without difficulty, he was taken by ambulance to Larkin Community Hospital Emergency Room, were he underwent Emergency Surgery

                                        PAGE 5 (A) (1)

On May 4, 2020, Plaintiff reported to the medical Department of South Florida Reception Center, because of his Asthma. He was experiencing respiratory distress, Upon his Arrival, he informed nurse T. Salmon that he needed a asthma inhaler, because his was empty. Rather than providing plaintiff with a inhaler, or breathing treatment. Nurse Salmon immediately referred plaintiff to Mr. J. Ramirez, the physician Assistant on duty. Who after examining Plaintiff, ordered a Chest X-ray be taken.

Mr. Ramirez, informed plaintiff that his chest X-ray revealed pneumonia in plaintiffs lungs and that after discussing the matter with Dr. Abia, the Medical Director, she ordered that plaintiff be placed in a isolation cell in the infirmary and be given Antibotics.

On May 5, 2020, Plaintiff was awakend from sleep around 2am, due to An asthma attack, he was given a breathing treatment by the night nurse. Later that afternoon. Without examining Plaintiff or Speaking with him. Dr. Abia wrote an order that all breathing treatments for plaintiff be Suspended. When She made her rounds, Plaintiff requested a asthma inhaler. this request was denied.

On May 6, 2020, Plaintiff was on again Awakend by intense pain in his chest, And Severe shortness of breathe. Plaintiff believed he was having a heart attack at that moment and dying. Plaintiffs chest pains was So Severe Accompanied by his inability to catch his breath, made Plaintiff disorientated and lightheaded. Plaintiff had to put his arms over his head in order to get air into his lungs. This became plaintiffs position for the Next 15 days.

On this day, Plaintiffs right lung collapsed, Dr. Abia upon Seeing Plaintiff Not only refused to examine him, but believed he was putting on an act In her words "Why do you have your arms up, Stoppin putting on an Act that's not going to help you." 15 days later Plaintiff visibly weak and in Extreme pain was rushed to the hospital. And had to Undergo emergency Surgery.

See Plaintiffs Amended Sworn Complaint for full details, dates, and times

Page 5 (A) (2)

## V   INJURIES

In Addition to having experienced excuriating pain, extreme respirtury distress And heart attack like symptoms that was ignored for over 15 days, resulting in Plaintiffs lung collapsing (Pneumothorax)

I required emergency life Saving Surgery, because of the delay in medical treatment, I now have Scarring on my lungs. Classified as Ground glass opacities in my right upper lungs, And the denial of my Asthma inhaler - While I was having a Asthma Attack.

As A result I am now required to undergo Various Types of medical therapy and treatment, See A Pulmonologist, take Various Steroid Medication for my lungs. All needed is order to Assist in Plaintiffs recovery.

Because of Defendants actions, And the resulting collapsed lung Plaintiff cannot engage in any physical excertion without running an extreme risk of his lung collapsing again. Furthermore, Plaintiff Experiences extreme respirtory distress doing minor exertion.

Plaintiffs injuries required him to have a chest tube inserted in his lung for 9 days. And was informed by Hospital Staff At Larkin Community Hospital, that pneumothorax could reoccur at any time, from even something as minor as a cough. Because of this Plaintiffs lung can again collapse if not properly monitered, And Treated.

Page 5 (B)

VI Relief

Plaintiff seeks an Injunction order against CENTURION, To Continue Follow up Treatment with Pulmonologist As deemed necessary and by any and all Medical Practioners with the expertise in treatment and restoration and function of Pulmonology.

Plaintiff Seeks compensatory and Punitive damages in the following amounts because of Emotional, Physcological and resulting injury which persist to this day.

A. $100,000 jointly and Severally against Defendants ABIA, Canal-Lara, Ray Rodriquez for the physical and emotional injuries sustained As a result of the denial of Adequate medical care.

B. $100,000 jointly and Severally against Defendants ABIA, Canal-Lara, Ray Rodriquez for the physical and Emotional Injuries Sustained from Subjecting Plaintiff to Cruel and Unusual Punishment in Violation of the Eightth Amendment to the U.S. Constitution

C. Award Punitive Damages in the Following amounts:

1. $60,000 against Defendant ABIA
2. $40,000 Against Defendant Sharlene Canal-Lara.
3. $40,000 Against Defendant Ray Rodriquez.

D. Grant any other Relief as it may appear Plaintiff is entitled to

Page 5 (c)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FLORIDA DEPT. OF CORRECTIONS - SOUTH FLORIDA RECEPTION CENTER

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All claims were presented in the Grievance Procedure

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   FLDOC. South Florida Reception Center

2. What did you claim in your grievance? THE Grievance ADDRESSED EACH DEFENDANT BY NAME AND PRESENTED TITLES AND ISSUES OF FALSIFYING MEDICAL RECORDS. Deliberate indifference refusing life saving Treatment for ASTHMA, wrong medication, REFUSAL TO PROVIDE OUTSIDE HOSPITAL MEDICATION AND Follow UP. reccommendations. Along with leaving Plaintiff in A Cell FOR 18 days Unable TO BREATH AND IN EXTREME PAIN RESULTING IN A COLLAPSED LUNG AND SURGERY.

3. What was the result, if any? Grievance DENIED. Grievance REPLY FAILED TO ADDRESS ISSUE PRESENTED IN Grievance.
   WHEN YOU ARE SENT TO OUTSIDE HOSPITAL THE OUTSIDE HOSPITAL PHYSICIAN GIVES RECCOMMENDATIONS. UPON RETURN TO THE INSTITUTION Your Current PHYSICIAN reviews All reccommendations and Prescribes medication based on..his/her Clinical Judgment.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
   Grievance Process is Complete. Filed Appeal to Secretary (next Level) Appeal was Denied.

   SEE Full Details in Sworn Complaint.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   " N/A "

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   " N/A "

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   FileD ComPlaint to CENTURION AND FLORIDA DEPT of HEALTH

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Miller v SAnFord 9:06-CV-80926-KLR (S.D. FlA) Failure to state a Claim

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) GEORGE MILLER
   Defendant(s) SANFORD

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, MIAMI Division

3. Docket or index number

   9:06-CV-80926 KLR

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   2006

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition   Unknown    Approx 2006-07

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Dismissed 'failure to state a claim'

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-28-21

Signature of Plaintiff: *(signed)*
Printed Name of Plaintiff: GEORGE MILLER
Prison Identification #: # R24031
Prison Address: MARTIN C.I. 1150 S.W. Allapattah Rd
Indiantown, FL 33493

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
 City / State / Zip Code
Telephone Number: _____
E-mail Address: _____

United States District Court
Southern District of Florida

400 North Miami Avenue

Miami, Florida 33128-7716

George Miller R24081
Martin Correctional Institution
1150 S.W. Allapattah Road
Indiantown Florida 33493



PROVIDED TO
MARTIN CORRECTIONAL INSTITUTION
ON 04/28/2021
FOR MAILING

LEGAL MAIL

